UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLE WIEDMEYER,

    Plaintiff,

v.                                        Case No. 04-C-0576

SHAWANO COUNTY, *et al.*,

    Defendants.

**ORDER**

Defendants Shawano County, Robert A. Schmidt, and Tomina Marquardt have moved to compel Plaintiff Nicole Wiedmeyer to execute an authorization for release of her probation and parole records. Plaintiff opposes the motion. For the following reasons, defendants' motion will be granted.

On March 30, 2005, counsel for defendants requested that plaintiff sign an authorization for release of her probation and parole records. (Jones Decl. ¶ 2, Ex. A.) Specifically, defendants sought access to plaintiff's physical and mental health records and her alcohol and drug information. (*Id.*) On May 3, 2005, plaintiff's counsel responded to the request by asking for another copy of the authorization form and stating that he "w[ould] get it signed" by his client. (Jones Decl. ¶ 3, Ex. B.) Defendants' counsel forwarded another authorization on May 20, 2005, but received no response prior to July 14, 2005, when defendants filed their motion to compel. (Jones Decl. ¶¶ 3-8, Ex. C.)

Fed. R. Civ. P. 34(b) requires a party who is served with a request for discovery of tangible things to "serve a written response within 30 days after the service of the request . . . stat[ing] . . .

that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objections shall be stated." Plaintiff's counsel's response to defendants' request not only failed to state any objection, but affirmatively undertook to provide the signed authorization. In light of this response, plaintiff has waived any objection to providing the authorization.[1] *See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258-259 (M.D. N.C. 2001) (holding that failure to make a timely objection to a discovery request waives the objection, even if the objection is based on a privilege, unless the objecting party shows good cause for its failure). Accordingly, plaintiff is ordered to sign the authorization provided by defendant within fifteen days. (Jones Decl., Ex. A.) Failure to sign the authorization within the time set forth above may result in sanctions, including dismissal of this action.

Defendants have requested that the court order plaintiff to pay their reasonable expenses incurred in making this motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4)(A) mandates such an award unless the court finds that the motion was made without consultation with plaintiff, plaintiff's refusal to produce was substantially justified, or other circumstances make an award unjust. The court can make no such finding here. Accordingly, it will award costs and attorney's fees.

**SO ORDERED.**

Dated this   21st   day of July, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] While plaintiff has waived her objections to release of her probation and parole records, it should also be noted that the records sought are medical records, and that defendants have the right to discover those records in a case, like this one, where the plaintiff has put her medical condition at issue. *See Shots v. CSX Transport, Inc.*, 887 F. Supp. 206, 207-08 (S.D. Ind. 1995).

2